UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| EMILY OTTLEY, | ) | |
| | ) | CIVIL COMPLAINT |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 2:19-cv-4106 |
| PORTFOLIO RECOVERY | ) | |
| ASSOCIATES, LLC, | ) | |
| | ) | |
| Defendant. | ) | **JURY DEMAND** |
| | ) | |

## COMPLAINT

Now comes EMILY OTTLEY ("Plaintiff") complaining as to the conduct of PORTFOLIO RECOVERY ASSOCIATES, LLC ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. § 1692 *et seq.* and the Ohio Consumer Sales Practices Act ("CSPA") under Ohio Rev. Code Ann. § 1345 *et seq.*

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. § 1692, 47 U.S.C. § 227, 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

[ 1 ]

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant conducts business in this District and a substantial portion of the events or omissions giving rise to the claims occurred within this District.

**PARTIES**

4. Plaintiff is a natural person residing in Fairfield County, Ohio.

5. Defendant is a third-party debt collector incorporated in Delaware and headquartered in Virginia. Defendant regularly collects upon consumers located in the state of Ohio.

**FACTS SUPPORTING CAUSES OF ACTION**

6. According to Defendant, Plaintiff allegedly owes it money on at least two credit card accounts.

7. Plaintiff used both of these credit accounts to purchase everyday household items for personal use.

8. One is a "Capital One Bank (USA), N.A." account, and Defendant has filed a lawsuit against Plaintiff in the Fairfield County Municipal Court to collect upon this account. *See Portfolio Recovery Associates, LLC v. Emily Ottley*, Case No. 19CVF01559 (Fairfield Cty. Mun. Ct., filed Apr. 29, 2019).

9. The second is a "Synchrony Bank" account, and Defendant has filed a lawsuit against Plaintiff in the Fairfield County Municipal Court to collect upon this account. *See Portfolio Recovery Associates, LLC v. Emily Ottley*, Case No. 19CVF01706, (Fairfield Cty. Mun. Ct., filed May 13, 2019).

10. In both of these cases, Plaintiff retained as *pro bono* counsel the law firm of Squire Patton Boggs, LLP to defend her.

11. In both cases, Attorney India K. Scarver of Squire Patton Boggs, LLP noticed her appearance on July 9, 2019 and moved for an extension of time to plead.

12. The Notices of Appearance and Motions for Extension of Time to Answer sent by Attorney Scarver included her name and address.

13. Before the close of business on July 9, 2019, Attorney Scarver sent these notices to Defendant's attorneys by email to courts@lloydmc.com, the email address listed in the signature block on the initial pleadings by Defendant's attorneys.

14. On information and belief, Defendant and its attorneys had knowledge of Attorney Scarver's representation of Plaintiff as of July 9, 2019.

15. Nevertheless, on July 10, 2019, Defendant, acting by and through its attorneys, filed motions for default judgment in Case Nos. 19CVF01559 and 19CVF01706 and mailed them directly to Plaintiff's home address.

16. These motions for default judgment included supporting affidavits containing information about the debts at issue.

17. The law firm representing Defendant in 19CVF01559 and 19CVF01706 practices primarily in the area of consumer debt collection and is itself a debt collector.

18. The actions of Defendant and its attorneys caused Plaintiff anxiety, bewilderment, and frustration.

19. Plaintiff had the right to have Defendant communicate Plaintiff's attorney about the debt, and Defendant trespassed upon this right.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

20. Plaintiff realleges the paragraphs above as though fully set forth herein.

21. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

22. Defendant is a "debt collector" as defined by § 1692a(6) of the FDCPA, because it regularly uses the mail and/or telephone to collect, or attempt to collect, delinquent consumer accounts.

23. In the alternative, Defendant is a debt collector because it is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed, due, or asserted to be owed or due to others.

24. The subject debts are "debt[s]" as defined by FDCPA § 1692a(5) as they arise out of transactions due or asserted to be owed or due to another for personal, family, or household purposes, namely credit card debts for living expenses.

25. Defendant violated § 1692c(a)(2) when it, through its attorneys, communicated directly with Plaintiff regarding the debts by way of its motions for default judgment, even though it knew Plaintiff was represented by an attorney and could readily ascertain that attorney's name and address.

26. Defendant is vicariously liable for the actions of its attorneys, who are its agents and representatives.

27. In the alternative, Defendant is liable under the FDCPA for the actions of its attorneys because its attorneys are themselves debt collectors. *Barbato v. Greystone All., LLC*, 916 F.3d 260, 268 (3d Cir. 2019) (debt purchasers cannot escape liability by outsourcing).

## COUNT II — VIOLATIONS OF THE OHIO CONSUMER SALES PRACTICES ACT

28. Plaintiff realleges the paragraphs above as though fully set forth herein.

29. The CSPA, pursuant to R.C. 1345.02(A), states that "[n]o supplier shall commit an unfair or deceptive practice in connection with a consumer transaction."

30. Plaintiff is a "person" as defined by R.C. 1345.01(B).

31. Defendant is a "supplier" as defined by R.C. 1345.01(C). *Taylor v. First Resolution Invest. Corp.*, 72 N.E.3d 573, 600 (Ohio 2016), *cert. denied sub nom. First Resolution Inv. Corp. v. Taylor-Jarvis*, 137 S. Ct. 398 (2016).

32. Debt collection is a "consumer transaction" as defined by R.C. 1345.01(A).

33. R.C. 1345.09(B) thus grants Plaintiff a private right of action against Defendant for $200 per violation of the CSPA, plus noneconomic damages of up to $5,000 per violation in an amount to be determined at trial, plus attorney fees.

34. Defendant has committed unfair or deceptive acts or practices in violation of the CSPA, R.C. 1345.02(A), by engaging in acts and practices in violation of the FDCPA as set forth above.

35. Such acts and practices have been previously determined by Ohio courts to violate the CSPA, R.C. 1345.01 *et seq*. *See, e.g.*, *Kelly v. Montgomery Lynch & Assocs., Inc.*, No. 1:07-CV-919, 2008 WL 1775251, at *11 (N.D. Ohio Apr. 15, 2008) ("[A]ny violation of any one of the enumerated sections of the FDCPA is necessarily an unfair and deceptive act or practice in violation of R.C. § 1345.02 and/or § 1345.03").

36. Defendant committed such actions after such decisions were available for public inspection pursuant to R.C. 1345.05(A)(3).

WHEREFORE, Plaintiff respectfully requests judgment as follows:

    a.    Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

    b.    Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. § 1692k(a)(2)(A);

    c.    Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. § 1692k(a)(1);

    d.    Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. § 1692k(a)(3);

    e.    Awarding Plaintiff $200 in statutory damages and up to $5,000 in noneconomic damages per violation of the CSPA, together with punitive and/or treble damages under the CSPA;

    f.    Awarding Plaintiff attorney fees together with an appropriate multiplier for time expended pursuing her CSPA claims;

    g.    Awarding any other relief this Honorable Court deems just and appropriate.

Dated: September 16, 2019

<u>By: s/ Jonathan Hilton</u>
Jonathan Hilton (0095742)
HILTON PARKER LLC
10400 Blacklick-Eastern Rd NW, Suite 110
Pickerington, OH 43147
Tel: (614) 992-2277
Fax: (614) 427-5557
jhilton@hiltonparker.com
*Attorney for Plaintiff*
